

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| J. A. SHANKMAN, LLC, | ) CASE NO. 08-32190-H3-11 |
| Debtor, | ) |
| INCLINE MATERIALS, L.L.C., ET AL., | ) |
| Plaintiffs, | ) |
| v. | ) ADV. NO. 08-3380 |
| J. A. SHANKMAN, L.L.C., ET AL., | ) |
| Defendants. | ) |

MEMORANDUM OPINION

       The court has considered the "Joint Expedited Motion to Authorize Disbursement of Sale Proceeds" filed at Docket No. 9 in Adversary No. 08-3380, and renoticed to the creditors of this estate on an expedited basis as a compromise at Docket No. 68 in the above captioned Chapter 11 case.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying without prejudice the instant motion.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

On April 1, 2008, J. A. Shankman, LLC ("JASLLC") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. JASLLC remains as a debtor in possession pursuant to Section 1107 of the Bankruptcy Code.

On June 13, 2008, JASLLC sought to sell real property located at 1818 South Blvd., Houston, Texas. After a hearing, this court permitted the sale, directing that the proceeds pay costs of sale and ad valorem taxes, with the remainder to be held in escrow pending further order of this court.

On October 5, 2008, Jeffrey A. Shankman, an individual who, according to the statement of financial affairs in the instant Chapter 11 case owns a 98 percent membership interest in JASLLC, and is its president, filed a voluntary petition under Chapter 7 of the Bankruptcy Code in his individual capacity, in Case No. 08-36327-H2-7. That case is pending before another Bankruptcy Judge of the Southern District of Texas. Lowell T. Cage is the Chapter 7 Trustee of the individual case.

On October 10, 2008, Incline Materials, LLC and Calincline LLC filed the complaint in Adversary No. 08-3380, seeking, inter alia, a declaratory judgment determining that Calincline LLC holds a valid first lien on the proceeds of sale of the property, Incline Materials, LLC holds a valid second lien on the proceeds of sale, and the aggregate unpaid balance of the

debts secured by the liens exceed the proceeds of sale.  The defendants in Adversary No. 08-3380 are JASLLC and Michael K. Zweig (who, according to his answer in Adv. No. 08-3380 is a creditor of Shankman, individually).  JASLLC filed an answer, stating it believes Calincline LLC and Incline Materials LLC have no valid lien in the sale proceeds.

On December 11, 2008, Cage, the Chapter 7 Trustee in Shankman's individual case, sought to intervene in Adv. No. 08-3380.  In the motion to intervene, Cage asserts that the property sold was transferred from Shankman, individually to JASLLC without consideration.

On December 12, 2008, one day after Cage sought to intervene, he filed the instant motion, seeking expedited approval of disbursement of the sale proceeds to pay the lien of Calincline, then $15,000 to Shankman's individual estate, and the remainder to Incline.

Concurrently with the filing of the motions in Adversary No. 08-3380 before this Judge, Cage filed a motion for approval of compromise in the Shankman Chapter 7 case, before another Judge of this court.  The parties to the compromise filed in the Shankman individual Chapter 7 case are Cage, Calincline LLC and Incline Materials LLC.  The motion to compromise in the individual case was granted, by order entered December 23, 2008. (Docket No. 24, Case No. 08-36327-H2-7).

This court held an initial hearing on the instant motion on December 23, 2008.  At that hearing, the court directed that notice be given to all creditors of JASLLC.

On December 23, 2008, Cage filed a notice indicating that this court would consider the compromise, as it relates to the JASLLC estate, on December 30, 2008.

At the hearing on December 30, 2008, counsel for Cage stated that notice had been given to all parties on the JASLLC creditor list.  Nonetheless, Shankman, who appeared pro se, and Lynda Clemmons, another member of JASLLC who appeared pro se, announced that they had not received the notice.

Cage testified that JASLLC has acknowledged that the liens of Calincline LLC and Incline Materials LLC are valid and has conceded that there are no proceeds of sale available for creditors of JASLLC other than Calincline LLC and Incline Materials LLC.  Although Shankman appeared pro se at the December 30, 2008 hearing, there was no appearance for JASLLC at either the December 23, 2008 hearing or the December 30, 2008 hearing.

### Conclusions of Law

Under Bankruptcy Rule 9019(a), on motion by the Trustee and after a notice and a hearing, the court may approve a compromise or settlement.

In a Chapter 11 case, with exceptions not pertinent to the instant case, a debtor in possession has the rights of a

4

trustee.  11 U.S.C. § 1107(a).

In the instant case, the matter presented to the court is in the nature of a compromise, and is also in the nature of a prejudgment attachment of proceeds of litigation without the resolution of the dispute presented in Adversary No. 08-3380.  At a minimum, there is a compromise of the JASLLC estate's potential interest, for which the compromise must be presented to the court by the JASLLC estate.  The JASLLC estate is remarkably missing from these proceedings, which were conducted on shortened notice during the holiday season.  The court concludes that the "Joint Expedited Motion to Authorize Disbursement of Sale Proceeds" should be denied without prejudice.

Based on the foregoing, a separate Judgment will be entered denying without prejudice the "Joint Expedited Motion to Authorize Disbursement of Sale Proceeds" (Docket No. 9, Adversary No. 08-3380).

Signed at Houston, Texas on December 30, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE